WM. WRIGLEY, JR., CO. v. COLKER.

(District Court, E. D. Kentucky, at Covington. April 13, 1914.)

No. 2892.

1. TRADE-MARKS AND TRADE-NAMES &68—UNFAIR COMPETITION—SELLING GOODS AS THOSE OF ANOTHER.

A man has a right to sell his own product to anybody that wants to buy it, but he has no right to put forth his goods as those of another, so as to get the advantage of such other man's trade.

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. TRADE-MARKS AND TRADE-NAMES 70(4)—UNFAIR COMPETITION—IMITATION OF WRAPPERS.

Where plaintiff was selling a spearmint flavored gum, which, was extensively advertised, defendant's sale of a similar article in a wrapper of the same color as plaintiff's wrapper, and with letterings and markings of the same colors, resulting in giving it the same general appearance, so that the ordinary purchaser would not know the difference, unless he read closely, will be enjoined.

3. TRADE-MARKS AND TRADE-NAMES 3(4), 70(1)—UNFAIR COMPETITION—IMITATION.

Though plaintiff was selling a spearmint flavored chewing gum under the name "Spearmint," defendant had a right to use spearmint to flavor his gum, and to use the word "Spearmint" on his gum, providing he did not sell his goods in a dress having a general resemblance to that of plaintiff.

In Equity. Suit by the William Wrigley, Jr., Company against A. Colker. Decree for complainant.

Gordon, Morrill & Ginter, of Cincinnati, Ohio, for complainant.
Howard M. Benton, of Newport, Ky., for defendant.

COCHRAN, District Judge. [1, 2] The question in this case is whether defendant has put on the market his goods for the complainant's. A man has a right to sell his own product to anybody that wants to buy it; but he has no right to put forth his goods as another's goods, so as to get the advantage of a man's trade. This (Figure 1) is the package of the complainant, the Wm. Wrigley, Jr., Company. On the hearing of the motion for temporary injunction, I held that this package (Figure 2) was an infringement of that represented in Figure 1, because the ordinary purchaser was likely to be deceived, when calling for Wrigley's goods, or "Spearmint" goods, into thinking, when he got the package represented in Figure 2, that he was getting a package of Wrigley's goods. And why is he deceived? Why is that calculated to deceive him? It is because the general appearance is the same. A man in the habit of buying Wrigley's goods, and paying a nickel a package for it, will go into some place where he is not in the habit of getting it and call for Wrigley's, and if the package represented in Figure 2 is handed him, he will think that is it, unless he actually reads the words on it; and he will not always, or is not likely, to read it closely, and he will not detect the difference until he has actually used it, and noticed that there is a difference in the taste of the two—if there is.

Since the temporary injunction was granted, the defendant has put another article on the market. What is the difference between the article as represented in Figure 2 and the new article in general appearance? The ordinary purchaser would not see any difference at all. The only difference is that here on the first product he has "Aids Digestion" on the left, whereas on the new product he has "Sweetens the Breath." While on the right of the original package he has "Flavor Everlasting," on the right of the new product he has "Assists Digestion." Unless a person would recall these things, he would not know they were not the same. And then there are other markings here; but the dress is substantially the same. The ordinary purchaser

Figure 1

Figure 2

would not know the difference between them; he would not know the difference between that and this (indicating the two products), unless he read closely.

[3] The defendant has the right to use spearmint to flavor his gum, and to sell it. But why not wrap it up in a blue package? I have an idea that, if you would put it up in a blue package, the complainant would not complain. Why does he select pink, when he has got all the other colors of the rainbow to make a selection from—blue, and violet and yellow, and green. But he takes the complainant's color. And so as to these other markings. Wrigley has his lettered in red, and so is Colker's lettered in red. Other markings are in green on Wrigley's product, and so is Colker's in green; and it is that way all around. It is in the same colors exactly. There is no other conclusion that one can come to than that he adopted that dress in order to get Wrigley's business. And, as Colker says, he gets it without advertising. He don't have to advertise; the advertising is already done. And so Wrigley, by spending a million dollars a year in advertising his product, has to sell it at 48 cents a box; while Colker, who does not have to do any advertising, because it is already done, is able to sell his product at 20 cents a box, and perhaps that entire difference may be the difference in advertising for all we know.

I have considered the matter carefully on the application for preliminary injunction, and I am clear that this later marking is calculated to fool the purchaser, in order to get Wrigley's business. There is no other motive under the sun for dressing the thing up like that, other than to get their business. I do not know about the wording of your temporary injunction. It is possible that putting that on the market is a violation of that. The complainant is entitled to his decree.

Now, do not dress your goods up so that they resemble his. You can use the word "Spearmint" on your goods; you can plaster them all over with the word "Spearmint," if you want to; but that dress has a general resemblance to Wrigley's in looking at it a way off. Do not have them the same, and then there will be no bother. I am perfectly clear this is an infringement of the complainant's rights. They are spending money hand over fist to sell their goods by advertising their goods, and nobody else is entitled to the benefit of that advertising in putting his goods on the market.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes